UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE R. RIKARD,

        Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,

        Defendant.

Case number 05-70912
Honorable Julian Abele Cook, Jr.

ORDER

On March 29, 2005, the *pro se* Plaintiff, Connie Rikard, filed a Complaint in this federal court, in which she charged the Defendant, John E. Potter, Postmaster General of the United States Postal Service, with acts of employment discrimination on the basis of her disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* Acting on the basis of Federal Rule of Civil Procedure 12(b)(6), the Defendant filed a motion to dismiss this lawsuit because of her "failure to timely exhaust her administrative remedies." Rikard opposes the Defendant's request. For the reasons that are stated below, the Court grants the Defendant's motion to dismiss.

I.

On August 27, 2002, Rikard submitted to a "Fitness of Duty" examination" by the United States Postal Service (USPS). A few months later (November 18, 2002), the USPS issued a "Notice of Separation–Disability (Non-Veteran)" letter to Rikard, which notified her that "she would be removed from the employment rolls of the Postal Service 30 days from her receipt of the notice." *See* Def.'s Br. Supp. Mot. Dismiss at 2. Nearly three years later (November 16, 2004), Rikard, feeling aggrieved, orally complained to the USPS' Equal Employment Opportunity (EEO)

Office in Detroit, Michigan. Thereafter, she followed her oral complaint by filing a formal EEO complaint on January 3, 2005. In this EEO complaint, Rikard, after having been relieved of her employment duties shortly after the "Fitness for Duty" examination had been completed, maintains that she has been unlawfully victimized by the Defendant. On January 12, 2005, the USPS issued an administrative decision in which Rikard's EEO complaint was dismissed, noting that "Ms. Rikard had failed to contact one of the Postal Service's EEO counselors within 45 days of the August 27, 2002 'Fitness for Duty' [examination]." *See* Def.'s Br. Supp. Mot. Dismiss at 2. On May 6, 2005, the Office of Federal Operations of Equal Employment Opportunity Commission issued an administrative decision which affirmed the dismissal of Rikard's EEO complaint. *See id.* This lawsuit followed.

II.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may formally ask the court to test whether a cause of action has been adequately pled in the complaint. A court must accept these allegations as true and construe them liberally in the favor of the plaintiff. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). At the same time, any legal conclusions or unwarranted factual inferences may not be assumed. *See Morgan*, 829 F.2d at 12; *Westlake*, 537 F.2d at 858.

Notably, a court should not dismiss a pleading merely because it does not state all the elements which ostensibly give rise to a legal basis of recovery or merely because the aggrieved party may have misconceived the proper theory. *See Myers v. United States*, 636 F.2d 166, 169 (6th Cir. 1981). Rather, a dismissal should be permitted only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)); *In re*

*DeLorean Motor Co*.: *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993).

III.

Prior to filing a lawsuit in federal court, a federal employee, who seeks relief under the Rehabilitation Act of 1973, must exhaust her administrative remedies in a timely fashion. *See Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991). 29 C.F.R. §1614.105(a)(1) provides that "[a]n aggrieved person must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

According to the record, Rikard received notice of her termination on November 18, 2002. However, she did not establish any formal contact with the USPS' EEO office, as required under 29 C.F.R. §1614.105(a)(1), until November 16, 2004. This contact occurred nearly two years after the alleged discriminatory event. Moreover, she did not file a formal complaint until January 3, 2005.[1] While the Sixth Circuit has held that this forty five day time limit "is subject to the principles of equitable tolling[,]" the Court finds no compelling reason to waive this requirement.[2] *See Benford*, 943 F.2d at 612. Accordingly, and for the reasons that are stated above, the Court

---

[1] The Defendant notes that "[o]n October 17, 2002, Ms. Rikard contacted an EEO Counselor to complain and alleged disability discrimination and retaliation, based on a meeting held in September 2002, during which she was presented with retirement forms showing an effective date of October 1, 2002. . . . [However, she] agreed to mediate her concerns and subsequently withdrew her requests for EEO Counseling." *See* Def.'s Br. Supp. Mot. Dismiss at 6. The Court determines that Rikard has failed to demonstrate that her initial EEO contact on October 17, 2002 resulted in a letter from an EEO Counselor informing her of a right to file a discrimination complaint in federal court, as required under 29 C.F.R. §1614.105(d). Therefore, this informal contact on October 17, 2002 does not satisfy Rikard's obligations under 29 C.F.R. §1614.105(a)(1).

[2] For example, there is no contention by Rikard that she was not notified or was otherwise aware of this forty five day time limit requirement. *See* 29 C.F.R. §1614.105(a)(2). In fact, the Defendant contends that "Rikard received a copy of the Postal Service Publication 133, entitled on 'What You Need to Know About EEO'" on December 23, 1999 and October 19, 2002.

grants the Defendant's motion to dismiss.

    IT IS SO ORDERED.

Dated:   June 19, 2006                                 s/ Julian Abele Cook, Jr.
       Detroit, Michigan                              JULIAN ABELE COOK, JR.
                                                            United States District Court Judge

## Certificate of Service

      I hereby certify that on June 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                             s/ Kay Alford
                                                             Courtroom Deputy Clerk